JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Victor Grant, defendant-appellant, appeals the judgment of the trial court labeling him a sexual predator. We affirm.
 {¶ 2} In September 1986, appellant pleaded guilty to three counts of rape, aggravated felonies of the first degree in violation of R.C.2907.02, and one count of attempted rape, a felony of the second degree in violation of R.C. 2923.02 and 2907.02. The trial court sentenced appellant to eight to 25 years on each of the rape convictions, and five to 15 years on the attempted rape conviction. In March 2007, a sexual classification hearing was held, and the trial court found appellant to be a sexual predator. In his sole assignment of error, appellant contends that the trial court erred in labeling him a sexual predator.
 {¶ 3} The record before us demonstrates that between 1983 and 1986, appellant raped a niece, eight years old, and two nephews, ages seven and nine or ten. Appellant threatened each of his victims with violence or bribed them with money to remain silent. Appellant had two prior convictions, one for drug possession and one for attempted grand theft. While in prison on this case, appellant was disciplined for following another inmate into the bathroom and staring at him.
 {¶ 4} After evaluation by Michael Caso, the Chief Psychiatric Social Worker for Cuyahoga County's Court Psychiatric Clinic, appellant was diagnosed as a pedophile and as having a cognitive disorder resulting from a prior head trauma. *Page 4 
 {¶ 5} In order for an offender to be classified a sexual predator, the State must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. State v. Eppinger, 91 Ohio St.3d 158, 163, 2001-Ohio-247, 743 N.E.2d 881. The standard of "clear and convincing evidence" is the measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt." State v. Gauntt, Cuyahoga App. No. 82175, 2003-Ohio-4942.
 {¶ 6} Clear and convincing evidence is the measure or degree of proof which produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Id. In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. Id.
 {¶ 7} R.C. Chapter 2950 governs sexual predators, habitual sex offenders, and sexually oriented offenders. More specifically, under R.C. 2950.09(B)(3), when determining whether a defendant is likely to engage in future sexually oriented offenses, the judge shall consider all relevant factors, including:
 {¶ 8} "(a) The offender's * * * age; (b) The offender's * * * prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *; (d) Whether the sexually oriented offense for which *Page 5 
sentence is to be imposed * * * involved multiple victims; (e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender * * * previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be a criminal offense, whether the offender * * * completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender * * *; (h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's * * * conduct." R.C. 2950.09(B)(3).
 {¶ 9} The trial court made several findings pursuant to the factors under R.C. 2950.09(B)(3). The court found that the victims were children under the age of 13, and that appellant had threatened them with violence. The court also found that appellant has a criminal history and the crimes in this case occurred over a long period of time. The court further found that appellant was diagnosed as a pedophile *Page 6 
and he had been disciplined while incarcerated. The court found, based upon those factors, that the State proved by clear and convincing evidence, that appellant is a sexual predator.
 {¶ 10} Upon review, we find that competent credible evidence existed for the court to label appellant a sexual predator. Appellant's sole assignment is therefore overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 FRANK D. CELEBREZZE, JR., A.J., and MELODY J. STEWART, J., CONCUR. *Page 1